[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Todd Musgrove, appeals his conviction for driving under the influence in violation of R.C. 4511.19(A)(1), contending, in his sole assignment of error, that the trial court erred in denying his motion to suppress. Holding that a police officer's actions did not amount to unauthorized search of Musgrove's vehicle, we affirm the judgment of the trial court.
When considering a ruling on a motion to suppress evidence, we are bound to accept the trial court's factual findings if they are supported by substantial and credible evidence, but we review the trial court's legal conclusions de novo to decide whether the minimum constitutional requirements have been met.[1] An investigatory stop of a car is lawful under the Fourth Amendment where an officer has a reasonable, articulable suspicion that a motorist is or has recently been engaged in criminal activity.[2] If, during the course of a lawful stop, there is a reasonable, articulable suspicion that further criminal activity is occurring, a police officer is justified in conducting further investigation.[3]
The parties do not dispute the facts of this case and agree that Officer Shepherd lawfully stopped Musgrove for a speeding violation. Musgrove argues, though, that Officer Shepherd's act of leaning through the window of the car when retrieving Musgrove's driver's license and insurance forms was an illegal search that led to Officer Shepherd detecting the smell of alcohol and, consequently, expanding the detention to investigate the state of Musgrove's sobriety. We disagree.
There is competent, credible evidence to support a finding that Officer Shepherd did not conduct an unreasonable search in violation of the Fourth Amendment by leaning into the car to accept identification from Musgrove after properly stopping him for a speeding violation. Here, Musgrove rolled down the passenger-side window after noticing Officer Shepherd approaching. Officer Shepherd testified that he approached from the passenger side for two safety reasons: (1) so that he would not have to constantly watch for traffic passing and (2) in order to observe the occupants of the car. The trial court had the discretion to give credibility to this testimony and to determine that the officer did not approach on the passenger side for the sole purpose of leaning into the car in order to search the interior. When the officer asked for his driver's license and insurance information, Musgrove reached over the passenger seat to hand the items to the officer, who leaned into the window of the car to take the information. At that point, Officer Shepherd testified that he detected the strong smell of alcohol. Because the officer had a right to be where he was, obtaining the necessary information to issue a citation for speeding, his leaning into the car to retrieve the driver's information was only a minor and incidental intrusion. Officer Shepherd did not enter the vehicle and sit down; he did not search the glove compartment or look under the seats. He merely reached in the car to retrieve the necessary identification forms. Once the officer detected the smell of alcohol, he was justified in expanding his investigation to determine if further criminal activity was occurring.
Based on the foregoing, we hold that the officer's slight and incidental intrusion into the interior of Musgrove's vehicle to retrieve the appropriate documentation did not constitute a search in violation of the Fourth Amendment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Hildebrandt, JJ.
[1] See State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141;State v. Yett (Mar. 12, 1999), Hamilton App. No. C-980435, unreported.
[2] See Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391;Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[3] State v. Retherford (1994), 93 Ohio App.3d 586, 600, 639 N.E.2d 498,507.